BARNEY C. TIERNEY vs. MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY, impleaded, etc.

November 21, 1883.

Complaint for Negligence Sustained.—An order denying a motion to strike out, or cause to be made more definite, certain portions of the complaint in this case, sustained.

Appeal by defendant (impleaded with the Burlington, Cedar Rapids & Northern Ry. Co.) from an order of the district court for Freeborn county, *Farmer*, J., presiding, refusing to require the plaintiff to make his complaint more definite and certain.

*J. D. Springer,* for appellant.

*Lovely & Morgan,* for respondent.

BERRY, J. This is an action in which the plaintiff seeks to recover for injuries received by him while coupling two cars together as defendant's employe. As negligence on defendant's part, he alleges that "the draw-bars" of the coupling appliances of the two cars "were not properly fastened, and were loose, defective, and insufficient, and, on account thereof, would not and did not remain in their proper places when said cars were driven together, as was usual and necessary in making said coupling," and in consequence thereof he was injured. The defendant moved to strike out the words "defective and insufficient" as irrelevant and redundant, or that as to them the complaint be made more definite and certain. From a denial of the motion defendant appeals.

Irrespective of the discretionary nature of the action of a district court upon motions to strike out or make more definite, we have no doubt whatever that the denial was entirely right. As respects the words objected to, the plain meaning of the complaint is that the draw-bars of the two cars which plaintiff was coupling were defective and insufficient, in such a way that they would not and did not remain in their proper places when the cars were driven together, as usual and necessary in such cases, etc. Notwithstanding the affidavit made by one of defendant's attorneys to the contrary, this appears to us to describe (by reference to their effect) the defectiveness and insufficiency complained of with a practical definiteness which it would not be easy to surpass. It distinctly apprises defendant of what it must be prepared to meet, and with all reasonable particularity. The order appealed from is accordingly affirmed.

We observe that of late appeals of this kind, often utterly without merit, and purely dilatory, are becoming so frequent as to occasion regret that the statute allows them. This is really an abuse of the right of appeal to this court, and, while it may not be in our power to enforce a remedy, it is to be hoped that it will not be continued.